OPINION OF THE COURT
William H. Keniry, J.
The key issue in this CPLR article 78 proceeding is whether the respondents’ determination that an audit conducted by the office of the Deputy Attorney-General for Medicaid Fraud Control (hereinafter Special Prosecutor) did not permit petitioner to timely initiate a rate appeal as of right under 10 NYCRR 86-2.13 (b) was arbitrary, capricious and erroneous as a matter of law.
The petitioner operates a 500-bed residential health care facility in Goshen, New York, and participates in the medical assistance (Medicaid) program. In November 1987, petitioner *136 filed a Medicaid rate appeal with the Department of Health seeking review of its reimbursement rate for the years 1982 through 1985. The respondent David Axelrod, M.D., as State Commissioner of Health (Commissioner) summarily rejected petitioner’s appeal upon the ground that an ongoing Special Prosecutor’s audit of petitioner’s financial records does not constitute a Medicaid program audit of base year cost reports which would permit a valid appeal under 10 NYCRR 86-2.13 (b).
As all parties concede, this particular issue has never been addressed by a court. The regulation in issue states:
"86-2.13 Adjustments to provisional rates based on errors, (a) Errors resulting from submission of fiscal and statistical information by a residential health care facility may be corrected if brought to the attention of the State Commissioner of Health within 120 days of receipt of the commissioner’s initial rate computation sheet. Errors on the part of the State Department of Health resulting from the rate computation process may be corrected if brought to the attention of the commissioner within 120 days of receipt of the commissioner’s initial rate computation sheet. Subsequent errors on the part of the State Department of Health resulting from the revision of a rate may be corrected if brought to the attention of the commissioner within 30 days of receipt of the commissioner’s revised rate computation sheet. In no event, however, shall a facility have less than 120 days from receipt of the initial rate computation sheets to bring errors to the attention of the commissioner.
"(b) Rate appeals pursuant to this section, if not commenced within 120 days of receipt of the commissioner’s initial rate computation sheet, may be initiated at time of audit of the base year cost figures at or prior to the audit exit conference. Such rate appeals shall be recognized only to the extent that they are based upon errors in the cost and/or statistical data submitted by the residential health care facility, or by revisions initiated by a third-party fiscal intermediary, or in the case of a governmental facility, by the sponsor government or errors made by the Department of Health.”
Petitioner’s time to appeal its 1982-1985 rates based upon errors in fiscal or statistical information under subdivision (a) of 10 NYCRR 86-2.13 has long expired. On May 12, 1987, the Special Prosecutor initiated an audit of petitioner’s books and records which petitioner alleges constitutes an "audit of [its] *137 base year cost figures” for 1980 and 1981. The purpose of the audit, according to respondents, is primarily to determine whether a health care provider may have been overpaid by inappropriately charging the Medicaid program for medical care, services or supplies and not for establishing reimbursement rates by verifying the reliability of the facility’s cost reports. If the Special Prosecutor finds inappropriate practices or overpayments which do not warrant criminal prosecution, the results are made available to the Department of Social Services which may result in a recomputation of reimbursement rates by the Department of Health.
Petitioner contends that such audit allows it to initiate a rate appeal under subdivision (b) of 10 NYCRR 86-2.13. Petitioner alleges that the correction upon appeal of certain errors made by petitioner in reporting employees’ paid and work hours will result in a revised wage equalization factor which would increase the petitioner’s reimbursement rate. Petitioner argues that the Special Prosecutor’s ongoing audit permits it to file a rate appeal since section 86-2.13 (b) does not specify the type of audit which would entitle the facility to commence an appeal.
Respondents contend that the Special Prosecutor’s audit is not an "audit of the base year cost figures” within the contemplation of section 86-2.13 (b) but rather is an investigation into possible Medicaid fraud. Respondents contend that the Commissioner’s decision to reject the petitioner’s appeal is an appropriate and proper interpretation of section 86-2.13 (b) and not an arbitrary or capricious act.
It is axiomatic that the regulations governing the computation of Medicaid reimbursement rates for residential health care facilities must be read as a whole. As a general principle, the courts must normally assume that an administrative agency, particularly one dealing with a complex and technical subject such as hospital reimbursement rates, is in the best position to interpret and apply its regulations (Matter of Cabrini Med. Center v Axelrod, 116 AD2d 834). Judicial review of such determinations is generally limited to assessing the rationality of the administrative action, that is, whether the action was arbitrary or capricious (Matter of Presbyterian Hosp. v Ingraham, 39 NY2d 867; Matter of Samaritan Hosp. v Axelrod, 107 AD2d 911, appeal dismissed 65 NY2d 636). Judicial review is concluded when a rational basis is found (Matter of Jewish Mem. Hosp. v Whalen, 47 NY2d 331, 341).
*138 In this case, section 368-c of the Social Services Law empowers the Commissioner of the State Department of Social Services to conduct audits pertaining to the establishment of Medicaid rates. Once such an audit is performed, the Commissioner is directed by statute that ”[T]o allow for the recomputation of affected fees or rates of payment, the commissioner shall, as appropriate, supply audit findings to the governmental agency * * * responsible for the promulgation of fees or rates of reimbursement” (Social Services Law § 368-c [3]). The audit procedures of the Commissioner are specified in 18 NYCRR part 517. Such regulations provide that "[ajudits and reviews conducted pursuant to this Part do not preclude the department or any other authorized governmental body or agency from taking any other action with respect to the provider, including obtaining overpayments or restitution pursuant to a finding of unacceptable practices, auditing or reviewing of other payments or claims for payment for the same or similar periods, or taking any other action authorized by law” (18 NYCRR 517.1 [b]; emphasis added). Thus, the regulations recognize that other State agencies, such as the Special Prosecutor, have the right to conduct independent audits of a provider’s records. Section 517.3 (a) (1) states that a payment rate established by the Health Department is considered provisional until either an audit is performed by the Social Services Department or the time within which to conduct such an audit has expired. Such regulation implies that the finalization of a facility’s reimbursement rate is dependent upon either the completion or waiver of a Social Services Department audit.
The record establishes that field audits concerning reimbursement rates fall under the aegis of the State Department of Social Services. The Special Prosecutor is an independent agency and does not act under the direction or control of either the State Health Department or the State Social Services Department. The Special Prosecutor’s audit is geared to determine whether petitioner has engaged in Medicaid fraud, not to ascertain the accuracy of the petitioner’s base year costs. Even though the same books, records, reports or other available documentation are being reviewed by the Special Prosecutor’s staff as would be reviewed in a base year cost audit, the purpose of the Special Prosecutor’s ongoing audit is distinct and unrelated to the audit function of the Social Services Department.
The court holds that the Commissioner’s determination that *139 the ongoing Medicaid fraud audit conducted by the Special Prosecutor is not an audit of petitioner’s base year costs was not irrational, arbitrary or capricious or in error of law. Accordingly, the Commissioner properly rejected the petitioner’s rate review appeal as untimely.
The petition is hereby dismissed, without costs.